Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| FERNANDO E. RIVERA VICENTE<br><br>Peticionario<br><br>v.<br><br>IVETTE M. ORTIZ TORRES<br><br>Recurrido | KLCE202400788 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.: CG2022RF00546 (501)<br><br>Sobre: Custodia |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de julio de 2024.

En un pleito sobre custodia, el Tribunal de Primera Instancia ("TPI") determinó que, por el momento y en ausencia de un acuerdo distinto entre los padres, un menor de 11 años continuaría, en agosto, en la misma escuela en que ha estado cursando estudios. Según se explica a continuación, concluimos que no procede intervenir con lo actuado por el TPI, pues ninguno de los padres colocó al TPI en posición de <u>oportunamente</u> ordenar que el menor se matriculase en alguna otra escuela.

I.

El Sr. Fernando E. Rivera Vicente (el "Padre") y la Sa. Ivette M. Ortiz Torres (la "Madre"; junto al "Padre", las "Partes") procrearon un hijo en septiembre de 2012 (el "Hijo"). Las partes se separaron en el 2021. En agosto de 2022, el Padre presentó la acción de

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202300618).

referencia (la "Demanda"), sobre custodia. La Madre contestó la Demanda y reconvino.

El 15 de **mayo de 2024**, la Madre informó al TPI que el Hijo no había sido matriculado "en ningún colegio o escuela pública". Indicó que el Hijo "requiere de una educación en grupos pequeños, por lo que es sumamente importante separar el espacio a la brevedad posible". Afirmó que el Hijo es "susceptible a los cambios como parte de sus necesidades especiales" y que, "recientemente" este "se mudó de su hogar donde residía el padre y también se encuentra en proceso de mudanza del hogar de la madre". Aseveró que el "mejor bienestar del menor es que permanezca en su colegio actual Hollands Academy, bajo el programa individualizado, el cual solo cuenta con un máximo de [5] niños por grupo y en el cual el menor ha estudiado por varios años".

La Madre informó que, "desde el año pasado", había buscado otras alternativas para el Hijo "en los pueblos de Cayey, Cidra y Caguas", pero que el Padre no había "evaluado ni propuesto ninguna alternativa de educación". Ante "la falta de comunicación y compromiso [del Padre] en los asuntos del menor", la Madre solicitó que se ordenase al Padre a matricular al Hijo en el colegio Hollands Academy (la "Escuela Actual") para el año escolar que inicia en agosto de 2024.

Dos días después, el Padre se opuso a lo solicitado por la Madre. Indicó que "no se niega a matricular al menor en [la Escuela Actual], sin embargo, en este momento no se encuentra en posición económica para costearlo". Resaltó que del informe social forense de 19 de mayo de 2023 (un año antes) se desprende una opinión de una sicóloga a los efectos de que la Escuela Actual "no se acomoda a las necesidades del menor". El Padre no propuso, ni aseveró haber hecho gestión alguna para identificar, una alternativa específica a la Escuela Actual.

La Madre replicó ese mismo día. Alegó que ella había identificado "varias alternativas" escolares, pero el Padre no había "evaluado ni propuesto ninguna alternativa de educación, limitándose a oponerse a las ofrecidas" por ella. Insistió en que "propende al mejor bienestar del menor que permanezca en su colegio actual". El Padre duplicó.

Mediante una Orden notificada el **23 de mayo** (la "Determinación"), el TPI ordenó que el Hijo "continúe matriculado en la escuela actual". El TPI actuó "tomando en consideración la fecha en la que se presenta la objeción a la matrícula, el cambio abrupto que representaría un cambio de escuela y el esfuerzo que requiere localizar una escuela que se ajuste a las necesidades especializadas del menor". El TPI dispuso que cualquier cambio posterior "debe ser atendid[o] en conjunto por ambos progenitores durante el año escolar 2024-2025". **Ninguna de las partes solicitó oportunamente la reconsideración de la Determinación ni su revisión ante este Tribunal**.

Un mes luego de notificada la Determinación, el 23 de junio, la Madre le informó al TPI que el Padre insistía en que no podía "costear su porcentaje de los gastos educativos del menor" y que las partes no habían "logrado identificar otra institución escolar adecuada".

Mediante una Orden notificada el 25 de junio (la "Orden"), el TPI informó que se mantenía la Determinación.

El 28 de junio, el Padre, ahora por derecho propio, solicitó la reconsideración de la Orden (la "Reconsideración"). Reiteró que una sicóloga había recomendado un cambio de escuela. Alegó que estaba en un "proceso de reorganización económica, incluyendo la consideración de acogerse a la Quiebra". Resaltó que, en septiembre de 2023, las partes habían estipulado "explorar opciones educativas que se adecúen mejor a las necesidades del menor".

El Padre también informó que había visitado varias escuelas, en búsqueda de una mejor alternativa para el Hijo. Aseveró que, a su juicio, el Hijo debía ser matriculado en *B You Academy*, en Caguas (la "Institución"). Indicó que la Institución se especializa "en deportes" y que el Hijo había sido "evaluado y exitosamente aprobó para entrar al deporte de E-Sport". Afirmó que la Institución era "más económic[a]" que la Escuela Actual. Solicitó al TPI que ordenase que el Hijo fuese matriculado en la Institución o, en la alternativa, se citara a las partes a una "vista urgente".

La Madre se opuso a la Reconsideración. Explicó, en cuanto a la Institución, que "el menor no realiza ningún deporte" y que la Institución "no cuenta con los acomodos" para el Hijo. Además, indicó que la diferencia en costo entre la Escuela Actual y la Institución son "solamente $11 mensuales".

Mediante una Orden notificada el 11 de julio, el TPI denegó la Reconsideración.

Inconforme, el 15 de julio, el Padre presentó el recurso que nos ocupa, en el cual reproduce lo planteado ante el TPI en la Reconsideración, junto con una moción en auxilio de jurisdicción. Al otro día, le concedimos hasta el 22 de julio a la Madre para consignar su postura en cuanto al recurso y la moción. La Madre no compareció ni solicitó prórroga. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe

ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari.* Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. […].

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Hemos determinado, en el ejercicio de nuestra discreción, y evaluados los factores de la Regla 40, *supra*, declinar la invitación del Padre a intervenir con la determinación recurrida.

Es importante resaltar que, si el Padre interesaba un cambio en la escuela del Hijo, debió actuar con mayor diligencia. Del récord no surge que este hiciera alguna gestión al respecto hasta el mes de junio. Más aún, **el asunto se atendió por el TPI en mayo, a través de la Determinación, de la cual ninguna parte solicitó reconsideración ni revisión ante este Tribunal**.

Es solo a finales de junio, luego de que el TPI, a través de la Orden, se reiterara en la Determinación, que, en reconsideración, el Padre por primera vez ofrece una alternativa escolar específica.

Por las razones consignadas por el TPI en la Determinación, consideramos que la misma es razonable. De lo expuesto un mes luego por el Padre en la Reconsideración de la Orden no surge cambio alguno que colocara al TPI en posición de concluir que el mejor interés del Hijo radica en cambiar a una escuela en la cual, según el Padre, el Hijo estaría practicando algo que la Institución denomina "E-Sports" (presumiblemente, videojuegos). En ausencia de un acuerdo entre las partes, o de algún cambio en circunstancias ocurrido luego de emitida la Determinación a finales de mayo, tendente a indicar que es urgente que el Hijo cambie de escuela, el TPI actuó acertadamente al negarse a dejar sin efecto la Determinación.

En fin, de lo actuado por el TPI no se desprende error de derecho alguno y, en las circunstancias de este caso, tampoco representa un abuso de discreción.

IV.

Por los fundamentos antes expuestos, se deniega la moción en auxilio de jurisdicción, así como la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones